In the Matter of WESTERN NEW YORK MILK DEALERS, INC., et al., Petitioners, v. FRANK J. WALKLEY, as Commissioner of Agriculture and Markets of the State of New York, Respondent.— Proceeding pursuant to CPLR article 78 (transferred to the Appellate Division of the Supreme Court in the Third Judicial Department by order of the Supreme Court at Special Term, entered in Albany County) to review a determination of the Commissioner of Agriculture and Markets. Superseding two separate milk marketing orders covering the Niagara Frontier Milk Marketing Area and the Rochester Milk Marketing Area, respondent has promulgated a new order fixing minimum prices to be paid to milk producers for a "Western New York Milk Marketing Area". The new order encompasses within its territory all of the area formerly covered by the two existing marketing orders, and proposes to expand regulation into certain nearby towns and counties currently unregulated. We find primarily only one issue raised in this proceeding, namely, whether respondent's specific findings underlying the new order satisfy the requirements of section 258-k of the Agriculture and Markets Law. This statute provides that the Commissioner of Agriculture and Markets may, after a public hearing preceded by prescribed notice (§ 258-m, subd. [1]), establish orders requiring "the fixing of prices of milk to be paid to producers and associations of producers where there has been or is a disruption of orderly marketing of milk in any marketing area by reason of surpluses or by reason of unfair, unjust or destructive trade practices so that the prices of milk to the producers are or may be below the reasonable costs of production and impair their purchasing power." We held in *Matter of Beers* v. *Wickham* (25 A D 2d 165) that section 258-k mandates a minimal finding that the prices paid to the milk producers "would be" forced below the reasonable costs of production and that purchasing power "may be" impaired. (*Matter of Beers, supra,* p. 167.) From an examination of the entire record and a reading of the voluminous and complex findings upon which the new order is predicated, we conclude that the statutory requirement has not been met. Nowhere is there a finding that the prices for milk paid to unregulated producers have been or would be forced below the costs of production. Furthermore, the record, in our view, would not support such

a finding. On the contrary, respondent found that most unregulated dealers pay the producers prices closely approximating the uniform or blend price. This uniform price, also paid in the regulated market, was found to provide a reasonable return to the dairy farmers. In view of our determination, it is unnecessary to pass upon the other contentions urged by petitioners. Determination annulled, and matter remitted for further proceedings not inconsistent herewith, with costs to petitioners. Herlihy, P. J., Staley, Jr., Cooke, Sweeney and Kane, JJ., concur.